# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cheryl Estrada, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Receivable Solutions, Inc. ) | **COMPLAINT WITH** |
| ) | **JURY TRIAL DEMAND** |
| Defendant ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Cheryl Estrada, is a natural person who resides in Haralson County, Georgia.

1

2. Defendant, Receivable Solutions, Inc, is a corporation authorized to do business in Georgia Defendant may be served with process via its registered agent, CT Corporation at 1201 Peachtree Street Northeast, Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Haralson County.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 44-year old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and receives disability insurance benefits from the Social Security Administration.

8. The Plaintiff receives Medicare benefits as a result of her disability status.

9. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant is a collection agency specializing in the collection of consumer debt.

11. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

12. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

15.     For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

16.     As a result of Plaintiff's disability and inability to engage in regular employment, she has become delinquent on a number of accounts, most resulting from medical treatment.

17.     The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

18.     As a result of her becoming delinquent, the Plaintiff has received numerous communications from various collectors regarding delinquent accounts, including the Defendant.

19.     In the hope of beginning to retire any medical debt not covered through Medicare, the Plaintiff initiated a phone call to the Defendant on March 5, 2020.

20.     After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting a debt in the amount of $213.90 on behalf of Tanner Health System (Tanner).

21.     The Plaintiff received treatment at Tanner for her ongoing health issues unrelated to any injury or the negligence of a third-party

22. The Plaintiff explained to the Defendant that she was included in a financial assistance program through Tanner and that the application was, to her knowledge, pending.

23. The Defendant informed the Plaintiff that unless or until Tanner recalled the account they would keep the file open in their office and continue collection efforts.

24. The Plaintiff asked the Defendant if she could be sued on this account given the fact that her application for assistance was pending through the hospital. The Defendant responded that it did not know, but represented to the Plaintiff that "liens" are placed by the hospital and that the Defendant does not know when a lien would be placed on Plaintiff's account.

25. The Defendant's representation that the Plaintiff would somehow be subject to a lien caused her significant anxiety and consternation such that she consulted with legal counsel to determine the ramifications of such an action.

26. The Georgia Lien Statute is set forth in O.C.G.A. § 44-14-470. It provides that certain healthcare entities "…shall have a lien for the reasonable charges for…care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished…."

27. The Defendant's representations that the Plaintiff was subject to the filing of a lien based on the balance that may or may not be owed to Tanner Health was objectively false and materially misleading and adversely impacted the Plaintiff.

## **INJURIES-IN-FACT**

28. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

29. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

30. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

31. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

32. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her making payments to resolve her debt.

33. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

34. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

   c.) The Plaintiff incurred attorney fees prior to the filing of this action as a result of consulting with counsel related to the Defendant's false representation that the Plaintiff was subject to some sort of lien;  and,

   d.) Anxiety and worry caused by concern that Plaintiff was subject to a lien. The anxiety and worry experienced by the Plaintiff was sufficient to negatively

affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

36. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

37. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

38. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

39. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

40. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

41. Defendant's representations or implications that led Plaintiff to believe that she may be subject to legal process and a "lien" in connection with the debt in collection was objectively false and or materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

42. Plaintiff incorporates by reference paragraphs 1 through 34 and 36 through 41 as though fully stated herein.

43. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

44. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

45. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

46. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

47. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

48. Defendant's conduct has implications for the consuming public in general.

49. Defendant's conduct negatively impacts the consumer marketplace.

50. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

51. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

54. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

55. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 12th day of August, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*